UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL DEFAULT SERVICING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALL CLAIMANTS TO SURPLUS FUNDS AFTER TRUSTEE'S SALE OF REAL PROPERTY LOCATED AT: 1206 CANTERBURY ROAD, HILLSBOROUGH, CA 94010, et al.,<br><br>Defendants. | Case No. 19-cv-04158-DMR<br><br>**ORDER DISMISSING KEVIN GRIFFIN AND DISCOUNT PLUMBING AND HEATING, INC. FROM ACTION FOR FAILURE TO PROSECUTE** |

On March 20, 2019, National Default Servicing Corporation ("NDSC") conducted a nonjudicial foreclosure sale of real property located at 1206 Canterbury Road, Hillsborough, California ("the Canterbury Road property"), resulting in surplus proceeds of $509,351.31. [Docket No. 1-1 (Notice of Removal Ex. 1, Pet. and Decl. Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale (the "Petition")) 2, ¶¶ 1, 3, 4.] Following the sale, NDSC sent written notice of the surplus proceeds under California Civil Code section 2924j(a) to "all persons with a recorded interest in the [Canterbury Road property] as of the date immediately prior to the trustee's sale who would be entitled to notice," including Discount Plumbing and Heating, Inc. ("Discount"). Petition 2, ¶ 5 Attach. 8 (ECF p. 40). NDSC received four written claims by potential claimants, none submitted by Discount. *See* Petition 2, ¶¶ 6, 8, Attach. 11b.

Given a conflict between the potential claimants, NDSC filed this action in San Mateo County Superior Court pursuant to California Civil Code section 2924j to determine the proper recipient(s) of the surplus proceeds. In the Petition, NDSC affirmed that it had provided notice

1 under section 2924j(d) to "all persons with a recorded interest in the property who would be entitled to notice" of its intent to deposit funds from the trustee's sale with the clerk of the court. Consistent with state law, NDSC's notice informed recipients that any claim for funds must be filed with the court within 30 days from the date of the notice and provided the address and telephone number for the court. Petition 2, ¶ 10; Notice of Removal Ex. 3 (ECF pp. 139-42). NDSC served Discount with the notice. Petition Attach. 13. Discount did not file a claim for the surplus proceeds in state court in response to this second notice. *See* Notice of Removal.

On July 10, 2019, Douglas Whitney and the Dennis Moore 1206 Canterbury Road Trust filed a claim to the surplus funds in state court. Notice of Removal Ex. 2. On July 19, 2019, the United States of America ("the government") removed the action to federal court and subsequently filed a claim for the surplus proceeds. [Docket No. 7.] Dennis Moore, the former owner of the Canterbury Road property, filed a claim to the surplus funds on July 30, 2019. [Docket No. 10.] On August 12, 2019, Discount's CEO Kevin Griffin consented to magistrate judge jurisdiction on behalf of himself and Discount. [Docket No. 12.] Discount did not file a claim to the surplus funds in this court.

The court held an initial case management conference on October 30, 2019. Discount did not appear. [Docket No. 43.] Discount also failed to appear at Judge Sallie Kim's November 15, 2019 and November 26, 2019 telephonic scheduling conferences and Judge Kim's February 5, 2020 settlement conference, despite having been served with all of the scheduling orders. [Docket Nos. 44, 46, 49, 50, 59.] At the settlement conference, Douglas Whitney, the Dennis Moore 1206 Canterbury Road Trust, and the government (the "settling parties") reached an agreement to resolve their competing claims to the surplus funds at issue in this action. [Docket No. 59.]

On February 7, 2020, the settling parties filed a stipulation regarding the terms of their settlement in which they ask the court to approve the settlement agreement and direct the distribution of funds in accordance with their agreement. [Docket No. 60.] Neither Griffin nor Discount is a party to the settlement agreement. Therefore, on February 11, 2020, the court issued an Order to Show Cause ("OSC") why the court should not approve the settlement agreement and why the court should not dismiss Griffin and Discount from this action for failure to prosecute.

2

//

//

[Docket No. 62.] Griffin and Discount timely responded to the OSC and submitted with their response an undated, unsigned copy of what appears to be a United States Bankruptcy Court claim, with no explanation. [Docket No. 65.] On March 3, 2020, the court issued an order regarding Griffin and Discount's response to the OSC, directing them to "provide evidence in the form of a declaration sworn under penalty of perjury setting forth in detail the circumstances of any" timely claim for the undistributed surplus funds. [Docket No. 69.]

Griffin and Discount's response to the March 3, 2020 order consists of a sworn declaration by an individual named Juan C. Pardell, who appears to state that Discount performed repair work for Moore at the Canterbury Road property and was never paid and that Discount recorded a mechanic's lien with the County of San Mateo for the amount of the services rendered plus interest. [Docket No. 71 (Pardell Decl. (Mar. 11, 2020) ¶¶ 1, 2, 4.] Additionally, Griffin submitted a letter to Judge Kim dated February 27, 2020 (i.e., weeks after the settlement conference) in which he states "Claimant Kevin Griffin/Discount . . . is a claimant to the surplus funds" because Discount recorded a mechanic's lien, and that he "did not realize that [he] needed to file an answer in federal court." [Docket No. 70.] Griffin asked Judge Kim to "allow us to proceed as a proper lien claimant" and "participate in resolving this matter." He also states, without explanation, that "[w]hile I understand that notices were sent to our mailbox, those notices were not forward[ed] to me." *Id*.

Contrary to Griffin's assertion that Discount is a "claimant" to the surplus funds, Discount failed to file a claim to the funds in state court, despite being served with two notices from NDSC regarding the funds along with instructions for filing a claim. Following the removal of the action to this court, Griffin and Discount appeared and consented to magistrate judge jurisdiction, but did not file a claim to the surplus funds and otherwise failed to participate in the litigation, even though they were served with notice of the proceedings throughout the litigation. [*See, e.g.*, Docket Nos. 4, 25-1, 44-1, 46-1, 49-1, 50-1, 53-1, 55-1.] As the settling parties have reached an agreement that resolves their competing claims to the surplus funds at issue, the court declines to

3

permit Griffin and/or Discount to assert a claim at this late stage of the proceedings. The court hereby dismisses Griffin and Discount from this action for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 7, 2020



Donna M. Ryu
United States Magistrate Judge